UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRICK POMMELOY HOUSTON JR.,

       Plaintiff,

v.

DOWNEY et al.,

       Defendants.

Case No. 2:20-cv-01531-GMN-NJK

THREE STRIKES ORDER

**I. DISCUSSION**

   Plaintiff is a prisoner proceeding *pro se*. On August 18, 2020, Plaintiff submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an incomplete application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1). Plaintiff later filed a fully complete application to proceed *in forma pauperis*. (ECF No. 4). However, on at least 3 prior occasions, the federal courts have dismissed civil actions commenced by Plaintiff while in detention as frivolous or for failure to state a claim upon which any relief may be granted.[1]

   Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

   In his complaint, Plaintiff appears to allege that prison officials retaliated against

---

[1] *See Houston v. McGinnis, et al.*, 1:92-cv-280-RHB-JGS (W.D. Mich. 1992) (complaint dismissed as frivolous on May 11, 1992); *Houston v. Vidor, et al.*, 4:92-cv-35-BFG-HWB (W.D. Mich. 1992) (complaint dismissed as frivolous on April 24, 1992); and *Houston v. Skulnick, et al.*, 3:07-cv-00459-BES-VPC (D. Nev. 2007) (complaint dismissed for failure to state a claim on October 23, 2007). The Court takes judicial notice of its prior records in the above matters. The Court also notes that, pursuant to *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997), actions dismissed for frivolity, maliciousness, or for failure to state a claim prior to the effective date of the Prison Litigation Reform Act of 1996 are included in the 28 U.S.C. § 1915(g) calculation for three strikes. *Id.* at 1311.

him, disciplined him for false charges, and transferred him to Ely State Prison in May 2019. (*See generally* ECF No. 1-1). The Court finds that these allegations fail to plausibly allege that Plaintiff was in imminent danger of serious physical injury at the time of filing. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

**II.   CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send Plaintiff two copies of this order. Plaintiff will make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court will retain the complaint, amended complaint, and second amended complaint (ECF Nos. 1-1, 8, 11) but will not file them at this time.

It is further ordered that the Court defers a decision on the motion to amend (ECF No. 9) until the matter of the filing fee is resolved.

DATED THIS  1  day of February 2021.

Gloria M. Navarro, Judge
United States District Court