UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRICK POMMELOY HOUSTON JR., | Case No. 2:20-cv-01531-GMN-NJK |
| Plaintiff | ORDER |
| v. | |
| SGT. DOWNEY et al., | |
| Defendants | |

## I.     DISCUSSION

On February 1, 2021, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis* because Plaintiff had at least 3 strikes pursuant to 28 U.S.C. § 1915(g). (ECF No. 12 at 1). Pursuant to § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee[1] in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court identified Plaintiff's three strikes as: (1) *Houston v. McGinnis, et al.*, 1:92-cv-280-RHB-JGS (W.D. Mich. 1992) (complaint dismissed as frivolous on May 11, 1992); (2) *Houston v. Vidor, et al.*, 4:92-cv-35-BFG-HWB (W.D. Mich. 1992) (complaint dismissed as frivolous on April 24, 1992); and (3) *Houston v. Skulnick, et al.*, 3:07-cv-00459-BES-VPC (D. Nev. 2007) (complaint dismissed for failure to state a claim on October 23, 2007). (ECF No. 12 at 1 n.1). The Court further noted that "pursuant to *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997), actions dismissed for frivolity, maliciousness, or for failure to state a claim prior to the effective date of the Prison Litigation Reform Act of 1996 are included in the 28 U.S.C. § 1915(g) calculation for three strikes. *Id.* at 1311." (*Id.*) The Court directed Plaintiff to pre-pay the $400 filing fee in full

---

[1] The full filing fee for a civil action initiated before December 1, 2020 is $400.

to proceed with this case. (*Id.* at 2).

Plaintiff now files an objection and two supplements to his objection. (ECF Nos. 15, 16, 17). The Court interprets the objection and two supplements as three motions for reconsideration.

### A.    Motions for Reconsideration

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Plaintiff challenges the three-strikes order on several grounds, including: (a) only defendants can raise a three-strikes issue (*see* ECF No. 15 at 1); (b) a court may only raise three strikes in its initial screening which he argues was completed in 3:19-cv-304-MMD-CLB (*see id.* at 1-2); (c) his 1992 cases should not count as strikes (*see* ECF No. 16 at 1); (d) he should still be able to appeal his three-strikes status (*see id.* at 2); (e) the three-strikes provision is unconstitutional under the First Amendment and access to the courts (*id.*); (f) his 2007 case was not a strike because he filed a motion for summary judgment (*id.* at 3); and (g) he was in imminent danger when he originally filed 3:19-cv-304-MMD-CLB (*see* ECF No. 17 at 1). The Court now explains the procedural history of 3:19-cv-304-MMD-CLB and addresses Plaintiff's arguments.

### 1.    *Houston v. OMD et al*, 3:19-cv-00304-MMD-CLB

On June 5, 2019, Plaintiff initiated *Houston v. OMD et al*, 3:19-cv-00304-MMD-CLB. (*See* 3:19-cv-00304-MMD-CLB at ECF No. 1). Although Plaintiff initiated that case

1  while incarcerated, he later was released.  (ECF Nos. 10, 11).  In the screening order for

2  that case, the court directed Plaintiff to file a non-prisoner application to proceed *in forma*

3  *pauperis* if he wanted to proceed to mediation on his colorable claims.  (ECF No. 12 at

4  11-12).  After Plaintiff failed to respond to that order, the court dismissed the case with

5  prejudice.  (ECF No. 14).

6        Four months later, Plaintiff filed a change of address notification in that case and

7  filed an objection.  (ECF Nos. 16, 17).  The court interpreted the objection as a motion for

8  reconsideration and denied the motion.  (ECF No. 18).  Plaintiff then filed another motion

9  for reconsideration (ECF No. 19).  The court interpreted that motion as asking the court

10  to set aside its judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and

11  addressed the four-part test set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

12  *P'ship*, 507 U.S. 380 (1993).  (ECF No. 21 at 2-3).  Although the court found that the

13  factors weighed against setting aside judgment, the court did issue some relief under

14  Federal Rule of Civil Procedure 60(b)(6) and revised Plaintiff's dismissal to without

15  prejudice.  (*Id.* at 5).  The court directed Plaintiff to reassert his claims in a new lawsuit

16  because that case was closed.  (*Id.* at 6).  Plaintiff then filed the case now before this

17  Court.

18        **2.     Plaintiff's arguments against three strikes**

19        Although Plaintiff argues that 28 U.S.C. § 1915(g) violates Plaintiff's First

20  Amendment right to access the courts, the Ninth Circuit has held that § 1915(g) does "not

21  infringe upon an inmate's meaningful access to the courts" and noted that "IFP status is

22  not a constitutional right."  *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999).

23  Additionally, despite Plaintiff's assertions to the contrary, a court may *sua sponte* raise a

24  § 1915(g) issue.  In *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005), the Ninth Circuit

25  implicitly held that a district court may *sua sponte* calculate strikes in a case but then must

26  give the inmate an opportunity to show that the prior dismissals did not qualify as strikes.

27  *See id.* at 1120 (recognizing that "the district court docket records may be sufficient to

28  show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and

1    therefore counts as a strike").

2           This Court rejects Plaintiff's argument that his 1992 cases do not constitute strikes.

3    As mentioned in the previous order, the Ninth Circuit has held that actions dismissed for

4    frivolity, maliciousness, or for failure to state a claim prior to the effective date of the Prison

5    Litigation Reform Act ("PLRA") of 1996 are included in the § 1915(g) calculation for three

6    strikes. *Tierney*, 128 F.3d at 1311; *see Rodriguez*, 169 F.3d at 1181 (citing *Tierney* in

7    holding that "the plain language of § 1915(g) requires that the court look at cases

8    dismissed prior to the enactment of the PLRA to determine when a prisoner has used his

9    three strikes").

10          Additionally, the plain language of § 1915(g) prompts a court or a defendant to

11   raise the issue of three strikes any time during litigation.  Specifically, § 1915(g) prohibits

12   an inmate from bringing a lawsuit if he or she has three strikes and, thus, the court must

13   address the three-strikes rule when it is an apparent issue.  *See* 28 U.S.C. § 1915(g)

14   (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a

15   civil action or proceeding under this section if the prisoner has . . ." three strikes and is

16   not under imminent danger of serious physical injury);  *see Rodriguez*, 169 F.3d at 1177

17   (appellate court raising the issue of whether inmate-appellant was prevented from

18   proceeding under *in forma pauperis* status because of § 1915(g)); *see Keeton v. Marshall*,

19   No. CV 17-1213-FMO (KS), 2018 WL 4381543, at *1 (C.D. Cal. June 8, 2018), *report and*

20   *recommendation adopted*, No. CV 17-1213-FMO (KS), 2018 WL 4378664 (C.D. Cal.

21   Sept. 13, 2018) (addressing issue of three strikes after screening and service).

22          Additionally, the imminent danger exception to § 1915(g), by its plain language,

23   only applies to the action that plaintiff is currently seeking *in forma pauperis* status in.

24   *See* 28 U.S.C. § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action

25   or appeal a judgment in a civil action or proceeding under this section if the prisoner

26   has . . . [three strikes] unless the prisoner is under imminent danger of serious physical

27   injury");  *see Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the

28   exception to § 1915(g) applies if the complaint makes a plausible allegation that the

1 prisoner faced imminent danger of serious physical injury at the time of filing the

2 complaint).

3 　　　　Plaintiff is not precluded from appealing his three-strikes designation. The Ninth

4 Circuit conducts an independent review of Plaintiff's strikes in determining whether to

5 permit Plaintiff to pursue an appeal *in forma pauperis*. *See e.g. Moore v. Maricopa Cty.*

6 *Sheriff's Off.*, 657 F.3d 890, 891 (9th Cir. 2011) (holding that the district court erred in its

7 three-strike designation because a plaintiff only had two strikes instead of four).

8 　　　　Lastly, Plaintiff seems to argue that his 2007 case should not constitute a strike

9 because he filed a motion for summary judgment in that case. (ECF No. 16 at 3). Despite

10 what Plaintiff seems to assert, a summary judgment order may constitute a strike if

11 decided on the ground that the complaint was frivolous, malicious, or failed to state a

12 claim. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (holding that the

13 summary judgment orders in that case were not based on an enumerated § 1915(g)

14 ground and did not count as strikes). Nevertheless, Plaintiff's 2007 case constitutes a

15 strike because the court dismissed the case on screening for failure to state a claim. (*See*

16 3:07-cv-00459-BES-VPC, ECF No. 7 at 3); *see also Washington v. Los Angeles Cty.*

17 *Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (holding that a full *Heck* dismissal

18 may constitute Rule 12(b)(6) dismissals for failure to state a claim). Moreover, Plaintiff

19 only filed a motion for summary judgment, which the court denied, after the Clerk of the

20 Court had closed the case. (*See* 3:07-cv-00459-BES-VPC, ECF Nos. 9, 11, 13).

21 　　　　Accordingly, Plaintiff fails to establish that this Court committed clear error in its

22 initial decision. None of Plaintiff's arguments prevent this Court from finding that Plaintiff

23 has three strikes under § 1915(g). The Court denies the motions for reconsideration (ECF

24 Nos. 15, 16, 17).

25 　　　　**B.　　Dismissal**

26 　　　　District courts have the inherent power to control their dockets and "[i]n the

27 exercise of that power, they may impose sanctions including, where appropriate . . .

28 dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779

F.2d at 1424. The Court's order requiring Plaintiff to pay the full filing fee within 30 days expressly stated: "It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within 30 days from the date of entry of this order." (ECF No. 12 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to pay the full filing fee within 30 days.

**II.     CONCLUSION**

For the foregoing reasons, it is ordered that the Court interprets the objection (ECF No. 15) and two supplements (ECF Nos. 16, 17) as three motions for reconsideration.

It is further ordered that the motions for reconsideration (ECF Nos. 15, 16, 17) are denied.

It is ordered that this action is dismissed without prejudice based on Plaintiff's failure to pay the $400.00 filing fee in compliance with this Court's February 1, 2021, order.

It is further ordered that the motion to amend (ECF No. 9) is denied as moot

It is further ordered that the Clerk of Court close the case and enter judgment accordingly.

DATED THIS ___17___ day of May 2021.

_____
Gloria M. Navarro, Judge
United States District Court